**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MODERN TELECOM SYSTEMS, LLC,<br><br>Plaintiff,<br>v.<br><br>TCL CORPORATION,<br>TCL COMMUNICATION INC.,<br>TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED,<br>TCT MOBILE, INC.,<br>TCT MOBILE (US) INC., AND<br>TCT MOBILE (US) HOLDINGS, INC.<br><br>Defendant. | C.A. No. ________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Modern Telecom Systems, LLC ("MTS" or "Plaintiff"), for its Complaint against TCL Corporation, TCL Communication Inc., TCL Communication Technology Holdings Limited, TCT Mobile, Inc., TCT Mobile (US) Inc., and TCT Mobile (US) Holdings, Inc. ("TCL" or "Defendants") alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff is a limited liability company organized under the laws of the State of Delaware with a place of business at 913 N. Market Street, Suite 200, Wilmington, DE 19801.

3. On information and belief, TCL Corporation is a corporation organized under the laws of China, having a place of business at No. 19 Zhong Kai High Technology Development Zone Huizhou, Guangdong Province, China, PRC, 516001.

4. On information and belief, TCL Communication Inc. is a corporation organized under the laws of Delaware with a place of business at 25 Edelman, Suite 200, Irvine, California, 92618. TCL Communication Inc. can be served with process through its registered agent for service of process – Corporation Service Company Which Will Do Business In California As CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive Suite 150N, Sacramento, California 95833. On information and belief, TCL Communication, Inc. is a subsidiary of TCL Corporation.

5. On information and belief, TCL Communication Technology Holdings Limited is a corporation organized under the laws of China with a place of business at 15/F, TCL Tower, Gaoxin Nan Yi Road, Nanshan District, Shenzhen, Guangdong, China, 518057. On information and belief, TCL Communication Technology Holdings Limited is a subsidiary of TCL Corporation.

6. On information and belief, TCT Mobile, Inc. is a corporation organized under the laws of Delaware with a place of business at 25 Edelman, Suite 200, Irvine, California, 92618. TCT Mobile, Inc. can be served with process through its registered agent for service of process – James Wodach, 25 Edelman, Suite 200, Irvine, California, 92618. On information and belief, TCT Mobile, Inc. is a subsidiary of TCL Corporation.

7. On information and belief, TCT Mobile (US) Inc. is a corporation organized under the laws of Delaware with a place of business at 25 Edelman, Suite 200, Irvine, California, 92618. TCT Mobile, Inc. can be served with process through its registered agent for service of process – Daisy Tuen Yi Chan, 25 Edelman, Suite 200 Irvine, California, 92618. On information and belief, TCT Mobile, Inc. is a subsidiary of TCL Corporation.

8. On information and belief, TCT Mobile (US) Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 25 Edelman, Suite 200, Irvine, California, 92618. TCT Mobile (US) Holdings, Inc. can be served with process through its registered agent for service of process – Corporation Service Company Which Will Do Business In California As CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive Suite 150N, Sacramento, California 95833. On information and belief, TCT Mobile (US) Holdings, Inc. is a subsidiary of TCL Corporation

9. On information and belief, Defendants sell and offer to sell products and services throughout the United States, including in this District, and introduce products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this District and elsewhere in the United States.

10. On information and belief, Defendants conduct a significant, persistent and regular amount of business in this District through product sales by its distributors and resellers and through online marketing, including the pre-order registration of products, directly to consumers, and derive substantial revenue from such business.

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

12. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b). On information and belief, Defendants have placed, and are continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in this District. Defendants, directly

or through intermediaries, conduct business in this District, and at least a portion of the acts of infringement and claims alleged in this Complaint have taken place and are continuing to take place in this District.

14. On information and belief, this Court has personal jurisdiction over TCL Communication Inc., TCT Mobile, Inc., TCT Mobile (US) Inc., and TCT Mobile (US) Holdings, Inc. because they are incorporated in Delaware and have purposefully availed themselves of the privileges and benefits of the laws of the State of Delaware. Further, all Defendants are subject to this Court's general and specific personal jurisdiction because Defendants have sufficient minimum contacts within the State of Delaware, pursuant to due process and/or the Delaware Long Arm Statute, because Defendants purposefully availed themselves of the privileges of conducting business in the State of Delaware, and because Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Delaware, including regularly doing or soliciting business and deriving substantial revenue from products and services provided to individuals in this District. The exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

## BACKGROUND

15. The technology claimed in the patent asserted in this action was invented during the research and development activities of the Rockwell family of companies, including Rockwell Semiconductors Systems, Inc., Conexant Systems, Inc. ("Conexant"), and Mindspeed Technologies, Inc. ("Mindspeed"). In 1998, Rockwell International spun off its Rockwell Semiconductor group and renamed it Conexant. Conexant inherited Rockwell's mixed signal semiconductor expertise and intellectual property portfolio, and was focused on developing semiconductor products for a broad range of communications

networks. Conexant's Internet Infrastructure group was incorporated as the wholly-owned subsidiary Mindspeed in 2001 and spun-off as an independent entity in 2003. Mindspeed's focus was on semiconductor and software solutions for Internet access devices, switching fabric, and network processors.

16. Plaintiff is the owner of the patent asserted in this action and has the exclusive right to sue and collect remedies for past, present, and future infringement of the patent.

17. Plaintiff assumed all the rights and obligations related to the patent from Modern Telecom Systems, LLC ("MTS-CA"), a California limited liability company, which had assumed all the rights and obligations related to the patent from Glocom Patents Licensing, LLC, which had assumed all the rights and obligations related to the patent from V-Dot Technologies, LLC (formerly, V-Dot Technologies, Limited) ("VDOT"), which had assumed all the rights and obligations related to these patents from Telecom Technology Licensing, LLC ("TTL"), which had assumed all the rights and obligations related to the patent from Mindspeed. Conexant, the assignee identified on the face of the patent, assigned the patent to Mindspeed in an assignment dated June 27, 2003.

**INFRINGEMENT OF U.S. PATENT NO. 6,504,886**

18. The allegations set forth in the foregoing paragraphs 1 through 12 are incorporated by reference into this claim for relief.

19. On January 7, 2003, U.S. Patent No. 6,504,886 ("the '886 Patent"), entitled "Communication of an Impairment Learning Sequence According to an Impairment Learning Sequence Descriptor," was duly and legally issued by the United States Patent

and Trademark Office. A true and correct copy of the ‘886 Patent is attached as Exhibit 1.

20. The ‘886 Patent issued from United States Patent Application No. 09/956,207 (“the ‘207 Application”), filed on September 19, 2001. The ‘207 Application is a Continuation of U.S. Patent Application No. 08/969,971, entitled “Method and Apparatus for Generating a Line Impairment Learning Signal for a Data Communication System,” filed November 13, 1997, now U.S. Patent No. 6,332,009, which is a Continuation-In-Part of U.S. Patent Application No. 08/922,851, entitled “Method and Apparatus for Generating a Programmable Synchronization Signal for a Data Communication System,” filed September 3, 1997, now U.S. Patent No. 6,212,247.

21. Plaintiff is the assignee and owner of the right, title, and interest in and to the ‘886 Patent, including the right to assert all causes of action arising under the ‘886 Patent and the right to any remedies for infringement of the ‘886 Patent.

22. On information and belief, Defendants have infringed and continue to infringe the ‘886 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization.

23. On information and belief, Defendants directly infringed and continue to directly infringe at least claims 1, 3, 11, 13 and 18[1] of the ‘886 Patent by making, using, selling, offering to sell, importing and/or providing and causing to be used products within the scope of claims 1, 3, 11, 13 and 18 of the ‘886 Patent, including, but not limited to, the products with the following

[1] Plaintiff reserves the right to identify additional asserted claims as this litigation proceeds. For example, Plaintiff expressly reserves the right to identify additional asserted claims in its infringement contentions to be served during the discovery process.

designations or trade names**:** Alcatel IDOL 4S with Windows 10, Alcatel Go Flip, Alcatel A30, Alcatel IDOL 4S with Android, Alcatel Linkzone, Alcatel Onetouch POP 7 LTE Tablet, Alcatel Onetouch Pixi 7 Tablet TCL, Alcatel Onetouch Pixi 7 4G LTE Tablet, AT&T Trek HD 4G LTE Tablet, Blackberry Keyone, Blackberry DTEK60/DTEK50, Blackberry PRIV, Blackberry Passport, and Blackberry Leap (collectively, examples of "Infringing Instrumentalities"). On information and belief, any other products of Defendants that enable Wi-Fi are also Infringing Instrumentalities.

24. As one example of infringement, Defendants' acts of making, using, selling, offering to sell, importing and/or providing and causing to be used Infringing Instrumentalities, includes the Blackberry PRIV, which satisfies, literally or under the doctrine of equivalents, each and every claim limitation of exemplary claim 18 of the '886 Patent. In particular, the Blackberry PRIV is a communication device capable of communicating a learning sequence descriptor for use in constructing a learning sequence, said device comprising: a transmitter; and a processor in communication with said transmitter; wherein said processor is capable of providing a first parameter, a second parameter and a third parameter to said transmitter capable of transmitting said parameters, wherein said first parameter specifies a number of segments in said learning sequence, said second parameter specifies a sign pattern of each of said segments, and said third parameter specifies a training pattern of each of said segments, wherein said training pattern is indicative of an ordering of a reference symbol and a training symbol in each of said segments. On information and belief, the Blackberry PRIV includes a 8992 Snapdragon component, see https://us.blackberry.com/smartphones/priv-by-blackberry/specifications, and operates pursuant to Part 11: Wireless LAN Medium Access Control (MAC) and Physical Layer

(PHY) Specifications of IEEE Std 802.11™ -2012 and IEEE Std 802.11™ -2009 (collectively, the relevant “Wi-Fi Standard”).

25. Prior the filing of this Complaint, Defendants had knowledge of the ‘886 Patent and received written notice that their products which enable the Wi-Fi Standard use the ‘886 Patent. On information and belief, Defendants became aware that their products that are compatible with the Wi-Fi Standard infringe the ‘886 Patent prior to the filing of this Complaint.

26. As another example of infringement, Defendants have instructed their customers, including users of the Blackberry PRIV, how to connect to a Wi-Fi network and market Wi-Fi connectivity in their promotional materials. In making these instructions available to customers and touting the benefits of compatibility with the Wi-Fi Standard, Defendants specifically intended to encourage their customers to use the Blackberry PRIV in an infringing matter, knowing that such use in accordance with their instructions constituted infringement of the ‘886 Patent. Defendants have thus induced and are inducing their customers to infringe the ‘886 Patent literally and/or under the doctrine of equivalents. On information and belief, Defendants acted with specific intent to induce their customers to practice the ‘886 Patent by continuing the above-mentioned activities with knowledge of the ‘886 Patent.

27. As another example of infringement, Defendants have knowingly contributed to the infringement of the ‘886 Patent. Defendants are actively, knowingly, and intentionally contributing to the infringement of the ‘886 Patent by selling, offering to sell, and/or importing into the United States, the Blackberry PRIV, with the knowledge that it is especially designed or adapted to operate in a manner that infringes the ‘886 Patent, with the knowledge that third parties, will continue to, either alone or in combination with Defendants, infringe the ‘886

Patent, and with the knowledge that the infringing technology in the Blackberry PRIV is not a staple article of commerce suitable for substantial non-infringing use.

28. Defendants had pre-suit knowledge that they were using the ‘886 Patent and have knowingly made, used, offered to sell, sold, and/or imported into the United States the Infringing Instrumentalities that infringed and continue to infringe the ‘886 Patent under 35 U.S.C. § 271. Because Defendants did so with such knowledge of the ‘886 Patent, Defendants are liable for willful infringement.

29. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

30. Plaintiff requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. Declaring that Defendants have infringed the ‘886 Patent, contributed to infringement of the ‘886 Patent, and/or induced infringement of the ‘886 Patent.

B. Awarding damages arising out of Defendants' infringement of the ’886 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, to MTS, together with prejudgment and post-judgment interest, in an amount according to proof.

C. Awarding attorneys' fees to MTS pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

D. Awarding such other costs and further relied as the Court may deem just and proper.

Dated: May 19, 2017

**MONTGOMERY MCCRACKEN WALKER & RHODES, LLP**

*/s/ Davis Lee Wright*

Davis Lee Wright (DE Bar # 4324)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
(302) 504-7800
dwright@mmwr.com

-and-

Benjamin E. Fuller (PA Bar # 203650)
*Pro hac vice* to be filed
MONTGOMERY MCCRACKEN
WALKER & RHOADS, LLP
123 South Broad Street, 28th Floor
Philadelphia, PA 19109
(215) 777-1500

*Attorneys for Plaintiff Modern Telecom Systems, LLC*

OF COUNSEL:

Daniel S. Carlineo
Nelson M. Kee
CARLINEO KEE, PLLC
1517 17th Street, NW, 3rd Floor
Washington, DC 20036
(202) 780-6109
dcarlineo@ck-iplaw.com
nkee@ck-iplaw.com