IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MODERN TELECOM SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-583-LPS-CJB |
| | ) |
| TCL CORPORATION, | ) |
| TCL COMMUNICATION INC., | ) |
| TCL COMMUNICATION | ) |
| TECHNOLOGY HOLDINGS LIMITED, | ) |
| TCT MOBILE, INC., | ) |
| TCT MOBILE (US) INC., and | ) |
| TCT MOBILE (US) HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

1. In this patent infringement action filed by Plaintiff Modern Telecom Systems, LLC ("Plaintiff" or "Modern Telecom")), Defendants TCL Communication Inc., TCT Mobile, Inc., TCT Mobile (US) Inc., and TCT Mobile (US) Holdings, Inc. (collectively, "Defendants") have filed a motion to dismiss the Complaint ("Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 13)[1] More specifically, Defendants move to dismiss Plaintiff's allegations of direct infringement, induced infringement, contributory infringement and willful infringement of the one patent-in-suit, United States Patent No. 6,504,886[2] ("the '886 patent" or the "patent-in-suit"). (*Id.* at 1) The instant Motion has been referred to the Court for resolution by Chief Judge Leonard P. Stark. (D.I. 5)

---

[1] There are two other Defendants in the case (TCL Corporation and TCL Communication Technology Holdings Limited), but they have not yet been served and so they did not participate in the filing of the instant Motion. (D.I. 14 at 1)

[2] The '886 patent is attached as an exhibit to the Complaint. (D.I. 1, ex. 1) Further citation will simply be to the "'886 patent."

2. The standard of review here is the familiar two-part analysis applicable to motions made pursuant to Rule 12(b)(6). *See Raindance Techs., Inc. v. 10x Genomics, Inc.*, Civil Action No. 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (applying the *Twombly/Iqbal* standard to claims of direct patent infringement filed subsequent to the December 2015 abrogation of Federal Rule of Civil Procedure 84 and patent pleading Form 18); *see also North Star Innovations, Inc. v. Micron Tech., Inc.*, Civil Action No. 17-506-LPS-CJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A plausible claim does more than merely allege entitlement to relief; it must also demonstrate the basis for that "entitlement with its facts." *Id.* Thus, a claimant's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the plausibility of a claim, the court must "'construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).[3]

---

[3] In resolving a motion to dismiss, a court may consider not only the allegations in the Complaint, but also, *inter alia*, exhibits attached to the complaint, documents integral to or explicitly relied upon in the complaint, and matters of public record. *See, e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 & n.2 (3d Cir. 1994); *Quest Integrity USA, LLC v. Clean*

3. With regard to the claims of direct infringement, Plaintiff makes "exemplary" allegations that one of Defendants' products (the "Blackberry PRIV") infringes one claim of the patent-in-suit (claim 18, which is an apparatus claim). (D.I. 1 at ¶ 24)[4] Thus, Plaintiff needs to have pleaded facts that plausibly indicate that the Blackberry PRIV practices each of the limitations found in claim 18. *e.Digital Corp. v. iBaby Labs, Inc.*, Case No. 15-cv-05790-JST, 2016 WL 4427209, at *3-4 (N.D. Cal. Aug. 22, 2016); *Raindance Techs., Inc.*, 2016 WL 927143, at *2-3; *see also North Star*, 2017 WL 5501489, at *1. After all, if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent). *See e.Digital Corp.*, 2016 WL 4427209, at *3; *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016); *see also North Star*, 2017 WL 5501489, at *1.[5]

---

*Harbors Indus. Servs., Inc.*, Civ. No. 14-1482-SLR, Civ. No. 14-1483-SLR, 2015 WL 4477700, at *2 (D. Del. July 22, 2015).

[4] Elsewhere in the Complaint, Plaintiff does allege that Defendants infringe other claims of the patent in suit—"at least claims 1, 3, 11 [and] 13[,]"—as well as claim 18. (D.I. 1 at ¶ 23) And Plaintiff also states that at least 13 other specifically-named products of Defendants, in addition to the Blackberry PRIV, infringe the claims at issue. (*Id.*) But the Complaint includes specific infringement allegations only as to claim 18 and the Blackberry PRIV, and so it is clear that if those allegations do not pass muster pursuant to *Twombly* and *Iqbal*, none of the other allegations regarding other claims or products would. In light of this, the Court will focus on the allegations regarding the "exemplary" claim and product herein.

[5] The Court notes that this conclusion has not been uniformly adopted by all courts, as some courts have declined to require that a plaintiff plead direct infringement on an element-by-element basis. *See North Star*, 2017 WL 5501489, at *1 n.2 (citing cases). However, in the Court's view, that standard is not in line with the *Twombly/Iqbal* requirement that plaintiffs must demonstrate a plausible claim for relief at the pleading stage. *See, e.g., id.*; *Atlas IP, LLC*, 189 F. Supp. 3d at 775 ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely

3

4. Plaintiff has not pleaded sufficient facts to render it plausible that the Blackberry PRIV infringes claim 18. Claim 18 recites:

> **18.** A communication device capable of communicating a learning sequence descriptor for use in constructing a learning sequence, said device comprising:
>
> a transmitter; and
>
> a processor in communication with said transmitter;
>
> wherein said processor is capable of providing a first parameter, a second parameter and a third parameter to said transmitter capable of transmitting said parameters, wherein said first parameter specifies a number of segments in said learning sequence, said second parameter specifies a sign pattern of each of said segments, and said third parameter specifies a training pattern of each of said segments, wherein said training pattern is indicative of an ordering of a reference symbol and a training symbol in each of said segments.

('886 patent, cols. 20:58-21:6) In the key paragraph in the Complaint (where Plaintiff attempts to articulate how it is that claim 18 is infringed), Plaintiff makes two basic assertions: (1) it repeats the words of claim 18, and states that "the Blackberry PRIV . . . satisfies, literally or under the doctrine of equivalents, each and every claim limitation" of claim 18; and (2) it also states that "[o]n information and belief, the Blackberry PRIV includes a 8992 Snapdragon component [], and operates pursuant to Part 11: Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) Specifications of IEEE Std 802.11™-2012 and IEEE Std 802.11™-2009 (collectively, the relevant 'Wi-Fi Standard')." (D.I. 1 at ¶ 24)

5. As to the first assertion, simply parroting back the words of the claim and stating (without more) that the Blackberry PRIV infringes that claim is not helpful. That amounts to

---

compatible with infringement.").

4

little more than a conclusory statement that "Your product infringes my patent claim." There needs to be some *facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim—not just the patentee asserting, in a take-my-word-for-it fashion, that it is so.[6]

6. With regard to Plaintiff's second assertion—the bald allegation that the Blackberry PRIV operates pursuant to what the Complaint refers to as the "relevant Wi-Fi Standard"—that too is not enough. As Defendants note, "lacking in the Complaint are any facts purporting to show how 'operat[ing] pursuant to' the Wi-Fi Standard relates to infringement of any limitations of" claim 18, nor does the Complaint include any allegations relating to why it is plausible that "the accused Infringing Instrumentalities implement the Wi-Fi Standard[.]" (D.I. 14 at 4) Plaintiff must have some basis to believe that compliance with certain portions of the

---

[6] *See L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*, Case No. 16-CV-06534-FPG, 2017 WL 4652709, at *4 (W.D.N.Y. Oct. 17, 2017) (concluding that plaintiff failed to satisfy the pleading standard for its direct infringement claim where, to the extent that plaintiff's complaint alleged that defendant performed each step of the patent claim at issue, it only did so by "parroting the patent claim and prefacing it with an introductory attribution to [d]efendant" and noting that by "describing [d]efendant's conduct solely in the words of its own patent, [p]laintiff implicitly concludes that [d]efendant's process necessarily meets every element of the patent claim—a legal determination, not a factual allegation"); *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) ("Right now, Plaintiff makes two factual allegations. One, here are ten patents we own. Two, you sell some products, which we have identified. Plaintiff makes a legal conclusion, to wit, the sales of your products infringe ou[r] patents. This is insufficient to plausibly allege patent infringement."); *see also North Star*, 2017 WL 5501489, at *1. Of course, simply understanding what the accused device is (a Blackberry communication device) is enough to allow for an understanding of why it is plausible that the product reads on some portions of the claim (i.e., that the product is a "device" that facilitates "communication" and that it contains a "processor"). But it takes some more explanation as to why it is plausible that the product reads on other portions of the claim.

Wi-Fi Standard require the practice of each of the limitations of claim 18 of the patent-in-suit,[7] and must have some basis to believe that the Blackberry PRIV operates pursuant to the Wi-Fi Standard. It just needs to plead some facts that show the Court how it is plausible that these things are so.[8]

7. As to this second assertion, the result in *Network Managing Solutions, LLC v. AT&T Inc.*, No. 16-cv-295 (RGA), 2017 WL 472080 (D. Del. Feb. 3, 2017), is instructive. In *Network Managing Solutions*, the defendant successfully moved to dismiss the plaintiff's direct infringement claims, wherein the plaintiff, in its complaint, had: (1) identified at least one claim from each asserted patent that it alleged the defendant had infringed; (2) alleged that the "3rd Generation Partnership Project Standards incorporate the technologies covered by the patents" and (3) alleged "on information and belief that Defendants adopted the 3GPP standards." 2017 WL 472080, at *1. The *Network Managing Solutions* Court found that the second of these allegations was insufficient to state a plausible claim, because "[p]laintiff knows its own patents [and] [t]he standards are public[,]" so "[s]aying 'on information and belief' that the standards 'incorporate the fundamental technologies' covered by the patents, without more, is insufficient

---

[7] Defendants are right that Plaintiff never *explicitly* states in the Complaint "that infringement [of claim 18] is 'directed to required portions' of the standard." (D.I. 21 at 1) This is suggested by the language that Plaintiff uses in the Complaint, however, (D.I. 1 at ¶ 25), and so the Court infers that this is the conclusion that Plaintiff intends the reader to draw.

[8] Plaintiff states that "Defendants . . . do not argue that they cannot ascertain which passages [of the Wi-Fi Standard] are relevant" to Plaintiff's infringement allegations. (D.I. 20 at 5) But to the extent that Plaintiff is suggesting that *it* is not required to say what it thinks it is about the accused product that infringes the asserted claim, that is just not correct. Even if Defendants might make an educated guess as to what Plaintiff thinks is leading to infringement here, the rules are set up in such a way that Defendants do not have to guess. Plaintiff has to take the guesswork out of things by pleading facts that plausibly allege infringement.

to plausibly allege that to practice the standard necessarily means that a defendant also practices the patent." *Id.*; *see also Stragent, LLC v. BMW of N. Am., LLC*, CIVIL ACTION NO. 6:16-cv-446-RWS-KNM, 2017 WL 2821697, at *4-7 (E.D. Tex. Mar. 3, 2017) (citing *Audio MPEG, Inc. v. HP Inc.*, No. 2:15-cv-00073-HCM-RJK, No. 2:16-cv-00082-HCM-RJK, 2016 WL 7010947, at *8 (E.D. Va. July 1, 2016)).

8. Because Plaintiff's allegations of induced, contributory and willful infringement all require that there be plausible allegations of direct infringement (and there are not), the allegations as to those claims are necessarily insufficient as well. Thus, the Court need not further address Defendants' remaining arguments herein as to those claims.

9. In its briefing, Plaintiff requests leave to amend should the Court grant this Motion. (D.I. 20 at 2, 14) In light of the fact that leave to amend should be given freely "when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), and because dismissal with prejudice is "rarely" a proper sanction, *see Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1334 (Fed. Cir. 2009) (citing Third Circuit case law), the Court recommends that Plaintiff be given leave to file an amended complaint addressing at least the deficiencies outlined above.[9]

10. For the foregoing reasons, the Court recommends that the Motion be GRANTED without prejudice. To the extent that the District Court adopts this Report and Recommendation, the Court further recommends that Plaintiff be provided 14 days to file an amended complaint.

11. This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),

---

[9] Although the Court has not addressed all of the specific arguments Defendants make regarding the indirect and willful infringement allegations, it notes that the relevant portions of the Complaint relating to these allegations contain minimal factual detail. In re-pleading, Plaintiff would be well served to bolster these allegations so as to overcome any future, similar objections that might be lodged by Defendants.

7

Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006). The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: December 21, 2017

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE